JOHN B. CATES v. S. JOHNSON ET AL.

Contracts—Building Court House—County Judge as Contractor—Pleading—
Answer.

    While the official duties of the presiding Judge of the County Court,
require that he should participate actively in arranging for the erection
of the public buildings of the county, appointment of necessary com-
mittees thereon, and to guard the interests of the people of the county
in general and a proper sense of propriety should therefore restrain
him from becoming a contractor for the erection of these public works,
where his interests would conflict with his official duties, a successful
bidding for and securing such a contract by him should be allowed to
stand, where there is no statutory inhibitation against a county judge,
nor the pleadings show that he derived any advantage from his official
position nor anything unfair in awarding the contract, nor a more
advantageous one could have been made with others, and where the con-
tract made was approved by the justices of the county court.

Same.

    Such failure to make the answer to the suit a good defense, was
properly refused when offered to be filed in the court below.

APPEAL FROM LARUE CIRCUIT COURT.

January 24, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

The only question presented by this appeal is the propriety of
the ruling of the court below in refusing to permit the amended
answer tendered by appellant to be filed, which necessarily in-
volves the inquiry, whether the facts stated in the amended answer,
constituted a defense to the action.

While the official duties of the presiding judge of the county
court required that he should participate actively arranging for
the erection of the public buildings of the county, in the appoint-
ment of the necessary committee to have the work done in an
economical manner, in the best style according to the means appro-
priated to the object, and to guard the interests of the people of
the county, whom he in part represents, and a proper sense of
propriety therefore should restrain him from becoming a contractor
for the erection of these public works, where his interests would

conflict with his official duties. Still as there is no statutory inhibition upon the county judge, and as it is not alleged that he derived any advantage in making the contract from his official position, nor that there was anything unfair in the contract, or that the county could have made a more advantageous contract with any other party, and as the same was approved by the justices of the county court, this court is not authorized to say that such contracts in no case should be allowed to stand. Furthermore it is not alleged in the amended answer that appellant did not get the full benefit of his contract with H. S. Johnson, but from what appears it must be assumed that he by virtue of that contract was authorized, and permitted to proceed with the work, and received the price agreed to be paid for the same by the county court. From what appears, therefore, in the answer, it is far from being manifested that the note sued on was without consideration; but from what *is* alleged and what is omitted to be alleged it must be taken that the note sued on was executed upon a valuable consideration. Wherefore, as the amended answer did not state facts which constitute a good defense to the action, there was no error in refusing to permit the same to be filed, and the judgment is therefore *affirmed.*

*Murray, Cofer & Read,* for appellant.

*Johnson,* for appellee.